613 A.2d 125

**ASSOCIATED YM–YWHA OF GREATER NEW YORK/CAMP POYNTELLE, Appellant,**

v.

**COUNTY OF WAYNE and Wayne County Board for the Assessment and Revision of Taxes, Appellees.**

**METROPOLITAN NEW YORK COMMISSION ON TORAH EDUCATION/CAMP MORASHA, Appellant,**

v.

**COUNTY OF WAYNE and Wayne County Board for the Assessment and Revision of Taxes, Appellees.**

**CAMP HACHSHARA–MOSHAVE OF NEW YORK, INC., Appellant,**

v.

**COUNTY OF WAYNE and Wayne County Board for the Assessment and Revision of Taxes, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided July 21, 1992.

Vincent Rubino, for appellants.

Lee C. Krause, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Associated YM–YWHA of Greater New York/Camp Poyntelle, Metropolitan New York Commission on Torah Education/Camp Morasha, and Camp Hachshara–Moshava of New York, Incorporated (collectively, Camps) appeal from an order of the Court of Common Pleas of Wayne County (trial court) which affirmed the order of the Wayne County Board for the Assessment and Revision of Taxes (Board).

The Camps, non-profit corporations, are the owners of properties (subject properties) located in Wayne County. The subject properties consist, collectively, of over 1,000 acres. The Camps conduct summer programs on the subject properties. The purpose of the summer programs is to educate children between the ages of 7 and 17 in the Judaic religion.

In 1990, the Camps were notified by the Board that the subject properties would be deemed taxable for purposes of real property taxation beginning in the 1991 tax year. However, the buildings located on the subject properties in which the Camps conducted their primary religious services, as well as 5 acres surrounding each building, were to remain exempt from taxation under the religious exemption provisions of section 202(a)(1) of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.202(a)(1).[1]

The Camps appealed to the Board. After a hearing, the Board determined that the subject properties would remain classified as taxable on the County assessment rolls, with the exception of the aforementioned buildings and their surrounding acreage. The Camps appealed to the trial court, which affirmed. The Camps now appeal to this court.

On appeal, the issue raised by the Camps is whether the Camps qualify as a purely public charity under article 8, section 2(a)(v) of the Pennsylvania Constitution so as to entitle the Camps, exclusive of the religious exemptions, to tax exempt status under 72 P.S. § 5453.202(a)(3).[2]

---

1. Section 202 of the Fourth to Eighth County Assessment Law provides in pertinent part:

   (a) The following property shall be exempt from all county ... tax, to wit:

   (1) All churches, meeting-houses or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same....

2. The question of whether an entity seeking tax exemption is a purely public charity within the meaning of article 8 is a preliminary inquiry which must be addressed *before* the question of whether that entity meets the statutory qualifications can even be reached. *School District of the City of Erie v. Hamot Medical Center of the City of Erie,* 144 Pa.Commonwealth Ct. 668, 602 A.2d 407 (1992) (citing *G.D.L. Plaza*

■■■ We note that the Camps bear the heavy burden of proving that they are a purely public charity entitled to a tax exemption. *Hospital Utilization Project v. Commonwealth* (*HUP* ), 507 Pa. 1, 487 A.2d 1306 (1985); *Appeal of Lutheran Home at Topton,* 100 Pa.Commonwealth Ct. 244, 515 A.2d 59 (1986). Whether the Camps are entitled to an exemption is a mixed question of law and fact on which the trial court's decision is binding absent abuse of discretion or lack of supporting evidence. *G.D.L. Plaza; Appeal of Lutheran Social Services, East Region,* 114 Pa.Commonwealth Ct. 628, 539 A.2d 895 (1988). In such circumstances, prior cases have limited value as precedent. *G.D.L. Plaza; Appeal of Lutheran Social Services.*

Article 8, section 2(a)(v) of the Pennsylvania Constitution provides in pertinent part as follows:

(a) The General Assembly may by law exempt from taxation:

. . . .

(v) Institutions of purely public charity. . . .

■■■ The definitive test used to determine when a particular entity meets the constitutional requirement of being a purely public charity was established by the Supreme Court of Pennsylvania in *HUP.* *G.D.L. Plaza; Allentown Hospital–Lehigh Valley Hospital Center v. Board of Assessment Appeals, Lehigh County,* 148 Pa.Commonwealth Ct. 422, 611 A.2d 793 (1992); *St. Margaret Seneca Place v. Board of Property Assessment, Appeals and Review, County of Allegheny,* 145 Pa.Commonwealth Ct. 615, 604 A.2d 1119 (1992); *Appeal of Lutheran Social Services.* The *HUP* test is as follows:

[A]n entity qualifies as a purely public charity if it possesses the following characteristics:

(a) Advances a charitable purpose;

(b) Donates or renders gratuitously a substantial portion of its services;

*Corp. v. Council Rock School District,* 515 Pa. 54, 59, 526 A.2d 1173, 1175 (1987)). Therefore, we need not address whether the Camps satisfy the statutory criteria entitling them to an exemption unless and until the Camps satisfy the constitutional criteria.

(c) Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

(d) Relieves the government of some of its burden; and

(e) Operates entirely free from private profit motive. *Id.* 507 Pa. at 21–22, 487 A.2d at 1317.

The entity seeking the tax exemption must meet *all five* criteria of the *HUP* test. *See G.D.L. Plaza; Hamot; In re Pittsburgh NMR Institute,* 133 Pa.Commonwealth Ct. 464, 577 A.2d 220 (1990); *Scripture Union v. Deitch,* 132 Pa.Commonwealth Ct. 134, 572 A.2d 51 (1990). We will examine first whether the Camps have met criterion (d), namely, whether the Camps relieve the government of some of its burden. This criterion stems from *Young Men's Christian Association of Germantown v. Philadelphia,* 323 Pa. 401, 187 A. 204 (1936), where the Supreme Court explained:

> Taxes are not penalties but are contributions which all inhabitants are expected to make.... Every inhabitant and every parcel of property receives governmental protection. Such protection costs money.... Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given 'quid pro quo' for its services in providing something which otherwise the government would have to provide....

*Council Rock School District v. G.D.L. Plaza, Corp.,* 91 Pa.Commonwealth Ct. 176, 183–4, 496 A.2d 1298, 1302 (1985) (quoting *Young Men's Christian Association,* 323 Pa. at 413–14, 187 A. at 210).

The Camps argue that they both directly and indirectly relieve the government of some of its burden. The Camps contend that they directly relieve the government of some of its burden because the Camps provide social, educational and recreational activities for children during the summer months which the government would otherwise have to provide. The Camps also assert that they directly relieve the government of some of its burden because they supply food and medical care

for children who would otherwise depend on some assistance from the government for these services.

The evidence of record reveals that in addition to religious education, the Camps sponsor drug awareness programs, and provide social and recreational activities which typically involve a religious theme. The record also reveals that students who choose to attend the Camps are charged a fee of approximately $2,800.00 for an eight week session. However, the Camps failed to produce any evidence to show that the government is obligated to provide social, recreational, or educational activities for children during summer months.

Moreover, the Camps failed to produce any documentation, data, or other information to support their assertion that they supply food and medical services that the government would otherwise have to provide. Instead, financial documentation produced by the Camps at trial and testimony taken at trial reveal that each summer the government supplies food, milk, and dry goods to the Camps. Camp Morasha alone received $21,000 in government subsidies in 1990.

■ Furthermore, the Camps argue that they indirectly relieve the government of some of its future burdens by making the camp participants morally responsible citizens. However, neither an indirect benefit, nor a laudable motive, is a sufficient basis for the granting of an exemption from taxation. *Scripture Union; see also Biosciences Information Service v. Commonwealth*, 122 Pa.Commonwealth Ct. 294, 551 A.2d 672 (1988), *aff'd per curiam*, 524 Pa. 132, 569 A.2d 927 (1990).

The proof offered by the Camps fails to demonstrate that the Camps relieve the government of some of its burden as required by *HUP* and as explained in *Young Men's Christian Association*. Accordingly, the order of the trial court is affirmed.[3]

---

**3.** Because of our disposition of this case, we need not address whether the Camps satisfy the other four criteria of the *HUP* test, or whether the Camps satisfy the statutory criteria under 72 P.S. § 5453.202.

## ORDER

AND NOW, July 21, 1992, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.