# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Appeal of the City of Coatesville From the Decision of the County of Chester Board of Assessment Appeals for the Property Located at 50 South First Avenue, City of Coatesville, Chester County, Pennsylvania Property Tax Parcel No. 16-5-0229.0000 | :<br>:<br>:<br>:<br>: No. 511 C.D. 2016<br>:<br>:<br>: |
| Appeal of: City of Coatesville | : |
| | |
| In Re: Appeal of the Coatesville Area School District From the Decision of the Chester County Board of Assessment Appeals for the Property Located at 50 South First Avenue, City of Coatesville, Chester County, Pennsylvania Property Tax Parcel No. 16-05-0229.0000 | :<br>:<br>:<br>:<br>: No. 530 C.D. 2016<br>:<br>:<br>:<br>: |
| Appeal of: Coatesville Area School District | :<br>: |
| | |
| The City of Coatesville | :<br>: |
| v. | : No. 607 C.D. 2016<br>: |
| Huston Properties, Inc. and Chester County Board of Assessment Appeals | :<br>:<br>:<br>: |
| Appeal of: Huston Properties, Inc. | :<br>: |

In Re: Appeal of the Coatesville : 
Area School District from the : 
Decision of the Chester County : 
Board of Assessment Appeals : 
for Property Located at 50 S. First : No.608 C.D. 2016
Avenue, Coatesville, Chester County, : Argued: December 12, 2016
Pennsylvania : 
Tax Parcel No. 16-05-00229.0000 : 
 : 
Appeal of: Huston Properties, Inc. :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE JOSEPH M. COSGROVE, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY SENIOR JUDGE LEADBETTER**[1]                    **FILED:  February 16, 2017**


Before us are cross-appeals of a partial charitable tax exemption granted by the Court of Common Pleas of Chester County (trial court) to Huston Properties, Inc. (Huston), owner of a historic building, finding it to be an institution of purely public charity.  We vacate the trial court's order and remand this matter in accordance with the following opinion.

The trial court assessed the property for tax years 2014 and 2015 at $267,250.00, 28% of the full assessed value, affirming the Chester County Board of Assessment (Board).  The City of Coatesville (City) and the Coatesville Area School District (District) (collectively, Taxing Authorities) argue that Huston does not qualify for any exemption under the test set forth in *Hospital Utilization Project*

---

[1] This opinion was reassigned to the author on January 17, 2017.

2

*v. Commonwealth*, 487 A.2d 1306 (Pa. 1985) (*HUP*), or the Institutions of Purely Public Charity Act (Act 55).[2] They also assert that the trial court ignored the Consolidated County Assessment Law, 53 Pa. C.S. §§ 8801-8868.[3] Huston cross-appealed, countering that the property is entirely exempt, and reducing its exemption based on a percentage of rents received from for-profit tenants is unwarranted.

Huston is a wholly-owned non-profit subsidiary of the Stewart Huston Charitable Trust (Trust).[4] Its sole purpose is to own, operate and maintain the property at issue, 50 South First Avenue, in Coatesville, Chester County (Property). The Huston Building on the Property is approximately 111 years old, and served as the headquarters for Lukens Steel Company, the first producer of boiler plate in the United States. The Property is on the National Register of Historic Places. Reproduced Record (R.R.) at 181a. In 2000, Bethlehem Steel Corporation transferred the Property to Huston by deed restricting the Property to use "consistent with the preservation and conservation of said tract of land as a historic structure." *Id*. at 174a. The credited testimony is that Huston has maintained the property consistent with this purpose, (*id*. at 116a), in accordance with the special maintenance standards set for National Historic Landmarks. *Id*. at 92-93a.

Although Huston's by-laws provide that any revenue in excess of that needed for operation and maintenance of the property is to be turned over to the Trust, that has never occurred. Rather, because the expenses consistently exceed

---

[2] Act of November 26, 1997, P.L. 508, *as amended*, 10 P.S. §§ 371-385.

[3] Interestingly, the Board now joins the Taxing Authorities' challenge to its affirmed decision, arguing that maintaining a private building, even a historic one, relieves no government burden where it is leased to commercial tenants.

[4] The Trust is a testamentary charitable trust under Section 501(c)(3) of the Internal Revenue Code (Code), 26 U.S.C. § 501(c)(3). Huston is organized as a holding company under Section 501(c)(2) of the Code, 26 U.S.C. § 501(c)(2).

rental income, the Trust has needed to subsidize a substantial part of Huston's expenses.[5] The remainder of Huston's expenses come from its lease of office space in the building to both for-profit and nonprofit entities.[6] Some of the nonprofits pay full rent, but others pay nominal or no rent. Huston maintains a small office, occupied by its sole employee, who manages the Property. The Trust also maintains an office on the Property, rent free.

In August 2013, Huston applied for an exemption from real estate tax, asserting the Property was regularly used as an institution of purely public charity. After conducting a hearing, in October 2013, the Board granted a partial exemption of 72%, for the 2014 tax year, because 72% of the leasable space was let to nonprofits. The partial exemption reduced the assessment from $954,004 to $267,250. The City and the District filed appeals, which were separately docketed, and subsequently consolidated for trial. Following a trial *de novo,* the trial court affirmed the Board's grant of a partial exemption for 72% of the assessed value. These cross-appeals followed.

To qualify for an exemption from tax as a purely public charity, an entity must meet both constitutional and statutory requirements. *Mesivtah Eitz Chaim of Bobov, Inc. v. Pike Cnty. Bd. of Assessment Appeals*, 44 A.3d 3 (Pa. 2012). Accordingly, Huston bears the burden of proof. *Pocono Cmty. Theater v. Monroe Cnty. Bd of Assessment Appeals*, 142 A.3d 110 (Pa. Cmwlth.) (*en banc*), *appeal denied*, (Pa., No. 347 MAL 2016, September 27, 2016); *Camp Hachshara*

---

[5] On one occasion, Huston had $2000 excess revenue, but the Board determined that it would be unproductive to transfer the money to the Trust, since it would have to be moved right back to cover upcoming expenses. Because Huston consistently operates at a loss, the Trust has paid $2,225,608 to renovate and subsidize Huston's maintenance and preservation of the Property.

[6] Only approximately 17,000 square feet of the 40,000 square feet constitutes leasable space in the building because the basement and attic are not fit for occupancy. R.R. at 66a.

4

*Moshava of New York v. Wayne Cnty. Bd. for the Assessment and Revision of Taxes*, 47 A.3d 1271, 1275 (Pa. Cmwlth. 2012).

First, an entity must prove it is a "purely public charity" under Article VIII, Section 2(a)(v) of the Pennsylvania Constitution. *Mesivtah Eitz Chaim*; *Cmty. Options, Inc. v. Bd. of Property Assessment*, 813 A.2d 680 (Pa. 2002). Article VIII, Section 2(a)(v) of the Pennsylvania Constitution provides:

> (a) The General Assembly may by law exempt from taxation:
>
> ....
>
> (v) Institutions of *purely public charity*, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

PA. CONST. art. VIII, § 2(a)(v) (emphasis added).

In *HUP*, our Supreme Court established a five-prong test to discern whether an institution meets constitutional criteria. Under *HUP*, an entity qualifies as an institution of "purely public charity" when it meets the following five prongs:

> (a) Advances a charitable purpose;
>
> (b) Donates or renders gratuitously a substantial portion of its services;
>
> (c) Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;
>
> (d) Relieves the government of some of its burden; and,
>
> (e) Operates entirely free from private profit motive.

*HUP*, 487 A.2d at 1317. The seeker of the exemption must establish each of these elements. *Camp Hachshara Moshava*. Whether an entity qualifies as a "purely public charity" under the *HUP* test "is a mixed question of law and fact on which the trial court's decision must be upheld absent an abuse of discretion or lack of supporting evidence." *Fayette Res., Inc. v. Fayette Cnty. Bd. of Assessment*

5

*Appeals*, 107 A.3d 839, 845 (Pa. Cmwlth. 2014), *appeal denied*, 125 A.3d 778 (Pa. 2015).

Next, an entity seeking a charitable exemption must establish it meets the five requirements in Section 5 of Act 55, 10 P.S. § 375(a)-(f). These requirements track the *HUP* test with additional specifications, and must be applied separately. Finally, an entity must prove it merits an exemption under the county assessment law, here the Consolidated County Assessment Law. *In re Appeal of Dunwoody Vill.*, 52 A.3d 408 (Pa. Cmwlth. 2012). As the fact-finder in tax assessment cases, the trial court resolves all matters of credibility and evidentiary weight. *Id*. Its findings are binding on appeal when supported by substantial evidence. *Id*. Each part of the inquiry is fact intensive, so these findings are critical to the analysis.

Here, the trial court recognized the standards set forth in *HUP* as well as Act 55, but it did not analyze each of these elements, nor make findings to show how Huston satisfied them. Instead, the trial court simply stated:

> This Court has the occasion to consider the *HUP* test in the context of a public garden and arboretum. *See Unionville-Chadds Ford [Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals (Longwood Gardens)*, 714 A.2d 397 (Pa. 1998)]. In that case, affirmed by the Commonwealth and Supreme Courts, we found that the operator of a public garden can be a purely public charity for the purposes of exemption from real estate taxes. Subsequently various other cases have confirmed that the ruling in *Longwood Gardens* is not to be narrowly construed. Here we find that an organization formed to preserve a historic community landmark and resource is also eligible provided that it meets the other criteria of the *HUP* test. In other words, we are satisfied that the record supports the finding that Huston Properties advances a charitable purpose and also meets the other criteria of the *HUP* test.

6

Opinion, 6/2/16, at 3-4. Then, after citing the statutory requirements of Act 55, the court opined:

> Having reviewed the facts as established by the evidence presented in this case on behalf of Huston Properties, which we find credible, we are satisfied that Huston Properties meets the criteria of [Act 55] as well as the *HUP* constitutional test.

*Id*. at 5. Unfortunately, while there are some similarities, the facts in *Longwood Gardens* are not so similar to those presented here as to relieve the respected trial court from applying each of the *HUP* prongs, as well as the statutory requirements, in the context of specific factual findings. As we have noted, because charitable exemption cases are fact-intensive, "prior cases have limited value as precedent." *Associated YM-YWHA v. Cnty. of Wayne*, 613 A.2d 125, 127 (Pa. Cmwlth. 1992).[7] For the foregoing reasons, the trial court's order is vacated, and the matter is remanded to the trial court to make findings of fact and conclusions of law as to each of the five prongs of the *HUP* test, the five parts of Section 5 of Act 55, 10 P.S. §375(a)-(f), and the Consolidated County Assessment Law.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Simpson concurs in the result only.

---

[7] Finally, we observe that Huston's eligibility for a charitable exemption must be discerned from its own activities, not based on its connection to the Trust, or to the Trust's charitable activities, or to the charitable activities of other nonprofit tenants. *St. Joseph Hosp. v. Berks Cnty. Bd. of Assessment Appeals*, 709 A.2d 928 (Pa. Cmwlth. 1998). *Compare Appeal of Archdiocese of Phila.*, 617 A.2d 821 (Pa. Cmwlth. 1992) (denying exemption for building let to nonprofit tenants engaged in their own charitable missions), *with Borough of Homestead v. St. Mary Magdalen Church*, 798 A.2d 823 (Pa. Cmwlth. 2002) (exemption seeker controlled and licensed premises to nonprofit occupants to advance its charitable mission).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of the City of Coatesville From the Decision of the County of Chester Board of Assessment Appeals for the Property Located at 50 South First Avenue, City of Coatesville, Chester County, Pennsylvania Property Tax Parcel No. 16-5-0229.0000

Appeal of: City of Coatesville

: 
: 
: 
: 
: No. 511 C.D. 2016
: 
: 
: 
: 
: 

In Re: Appeal of the Coatesville Area School District From the Decision of the Chester County Board of Assessment Appeals for the Property Located at 50 South First Avenue, City of Coatesville, Chester County, Pennsylvania Property Tax Parcel No. 16-05-0229.0000

Appeal of: Coatesville Area School District

: 
: 
: 
: 
: No. 530 C.D. 2016
: 
: 
: 
: 
: 
: 

The City of Coatesville

v.

Huston Properties, Inc. and Chester County Board of Assessment Appeals

Appeal of: Huston Properties, Inc.

: 
: 
: No. 607 C.D. 2016
: 
: 
: 
: 
: 
:

In Re: Appeal of the Coatesville      :
Area School District from the          :
Decision of the Chester County       :
Board of Assessment Appeals         :
for Property Located at 50 S. First    : No.608 C.D. 2016
Avenue, Coatesville, Chester County,   :
Pennsylvania Tax Parcel             :
No. 16-05-00229.0000               :
                                     :
Appeal of: Huston Properties, Inc.     :

## O R D E R

AND NOW, this 16th day of February, 2017, the order of the Court of Common Pleas of Chester County (trial court) is **VACATED** and the matter is **REMANDED** for the trial court to make findings of fact and conclusions of law in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge