IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Helping Enjoying and : 
Loving People : 
2 Salvation Ministries, Inc., : 
  : 
                Appellant : 
  : 
          v. : No. 558 C.D. 2017
  : Argued:  June 7, 2018
Delaware County Board of : 
Assessment Appeals : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  July 9, 2018


        Helping Enjoying and Loving People 2 Salvation Ministries, Inc. (HELPS) appeals the order of the Delaware County Court of Common Pleas (trial court) affirming the decision of the Delaware County Board of Assessment Appeals (Board) that denied HELPS' request for exemption from real estate taxes for its property located at 51 Windermere Avenue, Lansdowne (Windermere Property).[1] We affirm.

---

        [1] Article 8, Section 2(a)(v) of the Pennsylvania Constitution states, "[t]he General Assembly may by law exempt from taxation . . . [i]nstitutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution."  Pa. Const. art. VIII, §2(a)(v). Under the test enunciated in *Hospital Utilization Project v. Commonwealth*, 487 A.2d 1306, 1317 (Pa. 1985) (*HUP*), in order to be considered an "institution of purely public charity" under Article

Following a hearing, the trial court made the following relevant findings of fact.[2]  Reverend Larry Dabney testified that he and his wife founded HELPS and that Articles of Incorporation were filed in July 2011.  He stated that HELPS is a corporation that does not receive government funding and does not provide goods or services to the government, and that it is exempt from federal income tax.  He testified that community giveaways include book bags, bibles, umbrellas, materials in book bags, and prizes for children on Friday Night Joy Nights.

Dabney testified that HELPS receives contributions and holds fundraisers, and that the Windermere Property was gifted to HELPS in 2015.  He stated that HELPS' purpose is to bring people to Jesus Christ by helping them with their needs.  He testified that HELPS has started computer ministries at three different churches and aside from paying teenagers who teach the class, no one else is paid for the services they render to HELPS.  Dabney stated that he purchases the computers at a discount due to HELPS' status as an organization that is exempt from federal tax under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. §501(c)(3), and the people who complete the computer class are given a free computer.  He testified that people from all walks of life attend the computer classes. He stated that HELPS also receives new coats as donations from the Philadelphia School District and that the coats are given out to the community free of charge through a flyer that is distributed in West Philadelphia.  Dabney testified that a

8, Section 2(a)(v), a landowner must:  (1) advance a charitable purpose; (2) donate or render gratuitously a substantial portion of its services; (3) benefit a substantial and indefinite class of persons who are legitimate subjects of charity; (4) relieve the government of some of its burden; and (5) operate entirely free from private profit motive.

[2] William Penn School District (School District) intervened in the proceedings in the trial court.

HELPS property at South 57th Street in Philadelphia (Philadelphia Property) is where HELPS' activities take place.

Dabney testified that the first floor of the Windermere Property consists of a kitchen, living room, dining room, and office; the second floor consists of four bedrooms, and the third floor is an apartment with a full kitchen, two offices, and a bedroom where he and his wife sleep. He stated that the property also has a basement and three bathrooms on each floor. He testified that HELPS accepted the Windermere Property because it needed room to store computers, house its offices, and to park its 15-passenger van. Dabney stated that planning occurs at the Windermere Property.

Pastor David Williams, a HELPS board member affiliated with New Springs Baptist Church in Philadelphia, testified that HELPS' works include feeding the homeless, computer training classes, Friday Night Joy Nights for young people, and serving Thanksgiving meals at shelters. He stated that HELPS did not charge people for Thanksgiving dinner or for the book bags. Williams testified that the Thanksgiving dinners were held at 2100 West Tioga and that HELPS' computer classes were held at the Philadelphia Property.

Pastor Michael Robinson, Assistant Pastor at Bethel Gospel Tabernacle in Sharon Hill, testified that he worked with HELPS for four years. He stated that he started as a computer instructor with HELPS' computer ministry, that classes would range from 1½ to 2 hours, and that they are taught over a six-week period. He testified that HELPS' computer class is publicized by word of mouth and flyers that are passed out in other churches, and that the classes took place in Philadelphia.

Esther Marshall testified that she participates in HELPS' activities including Saturday Night Bible study; Joy Night; cooking for Joy Night; attending

the Life Elderly Center on Chestnut Street; attending shelters on Thanksgiving; participating in coat giveaways for children and young adults; and participating in book bag giveaways filled with school supplies. She stated that she is not paid for her time spent working with HELPS and that Joy Night and the other activities take place in Philadelphia.

Harrison Dabney, Reverend Dabney's brother, testified that he contributes funds to HELPS every month, and that he has made other donations including a $2,000.00 donation in November 2016. He stated that he helps cook food at the HELPS' barbeques in the summer and that he is not compensated for his services. He testified that the HELPS' activities that he participates in occur in Philadelphia.

Rowena Dabney, Reverend Dabney's daughter, testified that her children teach computer classes for HELPS and that she assisted HELPS in obtaining tax-exempt status for the Philadelphia Property. She stated that she is not paid for her time with respect to activities involving HELPS.

Based on the foregoing, with respect to the *HUP* test, the trial court concluded that HELPS established that it advances a charitable purpose; donates or gratuitously renders a substantial portion of its services; and that it operates entirely free from a profit motive. However, the trial court also concluded that HELPS failed to demonstrate that it benefits a substantial and indefinite class of persons who are legitimate subjects of charity, the third prong of the *HUP* test, because it "failed to provide evidence that the goods and services provided . . . are received by persons who are unable to afford those goods and services themselves." Reproduced Record (R.R.) at 169a. Further, the trial court concluded that HELPS failed to establish that it relieves the government of some of its burden, the fourth prong of the *HUP* test,

4

because "[t]here is no evidence that the government has, in the past, chosen to support or undertake supplying clothing, school supplies, or providing computer training" or "that the services [HELPS] offer[s] are historically assumed or funded by the government." *Id.* Accordingly, the trial court affirmed the Board's decision denying HELPS' request for an exemption for the Windermere Property and HELPS filed the instant appeal.[3]

HELPS first claims that the trial court erred in determining that it failed to demonstrate that it met the third prong of the *HUP* test, *i.e.*, that it benefits a substantial and indefinite class of persons who are legitimate subjects of charity.[4] However, as we have explained, "In *Appeal of Sewickley Valley YMCA*, 774 A.2d 1

---

[3] As this Court has explained:

> Whether a parcel of property qualifies for tax exemption is a question of law. As such, this Court's "standard of review is *de novo* and our scope of review is plenary." In a tax assessment appeal, our review is limited to "determin[ing] whether the trial court abused its discretion or committed an error of law and whether the decision is supported by the requisite evidence."

*Veterans of Foreign Wars Post 1989 v. Indiana County Board of Assessment Appeals*, 954 A.2d 100, 102 n.2 (Pa. Cmwlth. 2008) (citation omitted). The trial court is the fact finder in tax assessment cases and resolves all matters of credibility and evidentiary weight; as a result, the trial court's findings are binding on appeal to this Court when supported by substantial evidence. *In re Appeal of Dunwoody Village*, 52 A.3d 408, 413 n.5 (Pa. Cmwlth. 2012).

[4] HELPS also argues that it has satisfied the requirements of the Institutions of Purely Public Charity Act (Act 55), Act of November 26, 1997, P.L. 508, 10 P.S. §§371–385. However, because HELPS does meet the constitutional requirements under *HUP*, any consideration of the provisions of Act 55 is unnecessary. *See Mesivtah Eitz Chaim of Bobov, Inc. v. Pike County Board of Assessment Appeals*, 44 A.3d 3, 9 (Pa. 2012) ("[T]o receive an exemption without violating the Constitution, the party must meet the definition of 'purely public charity' as measured by the test in *HUP*. If it does so, it may qualify for exemption if it meets the statute's requirements. Act 55, however, cannot excuse the constitutional minimum—if you do not qualify under the *HUP* test, you never get to the statute.").

(Pa. Cmwlth. 2001), this Court indicated that, in order to meet this criterion, an entity must show that it makes a bona fide effort to service those persons who are unable to afford the usual fee or for whom the fee is outside of their financial reach. The persons need not be in financial distress, but it must be shown that the services are provided to persons who cannot afford to pay. *Id.*" *Church of the Overcomer v. Delaware County Board of Assessment Appeals*, 18 A.3d 386, 393-94 (Pa. Cmwlth. 2011).

In this case, the trial court properly found that HELPS did not sustain its burden of showing that it met the third prong of the *HUP* test. The facts as found by that court demonstrate that HELPS provided no evidence regarding the ability to pay of those who received goods or services relating to the Windermere Property or evidence that they were unable to obtain such goods or services relating to that property for themselves. In the absence of any specific evidence that any of the recipients of any of HELPS' goods or services relating to the Windermere Property were unable to afford those goods or services, HELPS has not met its burden of proof with respect to this prong of the *HUP* test. *See, e.g.*, *Church of the Overcomer*, 18 A.3d at 394 ("Pastor Collins testified that the community center's programs are utilized by individuals in the general locale, both inside and outside of Delaware County, but he did not offer any specific testimony regarding the nature of these individuals or whether said individuals are able to provide for themselves. Thus, the evidence presented on behalf of the Church also was insufficient to meet this requirement.").[5]

---

[5] Because HELPS does not satisfy the third prong of the *HUP* test, we need not consider whether the trial court erred in also determining that HELPS does not satisfy the fourth prong of that test. *See, e.g.*, *Lehighton Area School District v. Carbon County Board of Assessment*, 708 A.2d 1297, 1302 (Pa. Cmwlth. 1998) ("We first review the *HUP* standard, keeping in mind that

6

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

the applicant must satisfy all five criteria of the *HUP* test. *Associated YM–YWHA of Greater New York/Camp Poyntelle v. County of Wayne*, [613 A.2d 125 (Pa. Cmwlth. 1992)].").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Helping Enjoying and | : | |
| Loving People | : | |
| 2 Salvation Ministries, Inc., | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 558 C.D. 2017 |
| | : | |
| Delaware County Board of | : | |
| Assessment Appeals | : | |

# **O R D E R**

AND NOW, this 9th day of July, 2018, the order of the Delaware County Court of Common Pleas dated March 31, 2017, at No. 2015-010883 is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge